IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | **Criminal Case No.: GJH-14-606** |
| **RICHARD SPIVEY,** | * | |
|     **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Richard Spivey is currently serving a 204-month sentence in FMC Devens, a Bureau of Prisons ("BOP") facility, after he pleaded guilty to distributing child pornography under 18 U.S.C. §§ 2252A(a)(2). Pending before the Court is Mr. Spivey's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Emergency Motion for Compassionate Release"). ECF No. 66. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Spivey's Emergency Motion for Compassionate Release is denied.

**I.      BACKGROUND**

On December 22, 2014, a grand jury for the District of Maryland issued an Indictment charging Mr. Spivey with six counts of production of child pornography under 18 U.S.C. § 2251(a) (Counts One through Six), one count of distribution of child pornography under 18 U.S.C. § 2252A(a)(2) (Count Seven), and one count of distribution of child pornography under 18 U.S.C. § 2252A(a)(5)(B) (Count Eight). ECF No. 1. On August 31, 2015, the grand jury issued a Superseding Indictment making minor alterations to the allegations but alleging the same Counts. ECF No. 34.

On September 25, 2015, Mr. Spivey pleaded guilty to Count Seven as part of a plea agreement. ECF Nos. 39, 40. Specifically, Mr. Spivey agreed that in January 2014, he had distributed over 2,000 files depicting real children engaged in sexually explicit conduct via a peer-to-peer file-sharing program. ECF No. 40-1 at 1.[1] He also agreed that in October and November of 2012, he used a hidden camera to surreptitiously record videos of his eleven-year-old stepdaughter in various stages of undress. *Id.* at 2. On March 22, 2016, after a hearing, *see* ECF No. 61, the Court sentenced Mr. Spivey to 204 months of imprisonment. ECF No. 63. The Court dismissed Counts One through Six and Eight on the Government's motion and remanded Mr. Spivey to BOP's custody. *Id.*

On July 12, 2020, Mr. Spivey filed the pending Motion for Release in light of the COVID-19 pandemic. ECF No. 66. The Government filed a response on June 26, 2020. ECF No. 72.

## II.    DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Mr. Spivey requests that the Court decrease his term of imprisonment to time served due to the spread of the COVID-19 virus in the facility where he is incarcerated and because he has medical conditions that make him vulnerable to the virus, including kidney failure, diabetes, cardiovascular disease, and diabetes. Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). This general rule is subject to certain exceptions, including the compassionate release provision, which allows courts to consider reducing a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). If a defendant has exhausted his administrative remedies, a court "may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* "The defendant generally bears the burden of establishing that a sentence reduction is warranted." *United States v. Barringer*, No. PJM-13-129, 2020 WL 2557035 (D. Md. May 19, 2020).

Here, even if the spread of the virus at FMC Devens and Mr. Spivey's medical conditions do constitute "extraordinary and compelling reasons" for a sentence reduction, such a reduction would be inconsistent with applicable Sentencing Commission policy statements, which provide that a sentence reduction is appropriate only if the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). To determine whether a defendant is a danger to the community, courts consider the (1) "nature and circumstances of the offense charged"; (2) "weight of the evidence against the person"; (3) "history and characteristics of the person"; and (4) "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). After considering each of these factors, the Court concludes that Mr. Spivey poses a danger to the community and is therefore not eligible for compassionate release.

First, Mr. Spivey pleaded guilty to distributing child pornography and admitted to recording his eleven-year-old stepdaughter on multiple occasions. As the Court stated during sentencing, "[i]n terms of the seriousness of the offense, it's extraordinarily serious. Just viewing

and distributing these images alone is a serious offense," and "[i]t's even more serious here because [Mr. Spivey] violated someone under his own care by secretly videotaping an eleven-year-old. Thus, creating child pornography himself." ECF No. 72-2 at 64.

"There are also serious concerns about the 'frightening and high risk of recidivism' posed by sex offenders," *United States v. Fischer*, No. ELH-14-595, ECF No. 100 at 11 (D. Md. May 27, 2020) (citing *McKune v. Lile*, 536 U.S. 24, 34 (2002) and *Smith v. Doe*, 538 U.S. 84, 103 (2003)), and so, in this context, it is notable that Mr. Spivey does not appear to have completed the BOP's Sex Offender Management Program or Sex Offender Treatment Program during his incarceration. Moreover, because Mr. Spivey is still more than nine years away from his projected release date, he has not yet been evaluated by BOP to determine whether he is a sexually dangerous person subject to civil commitment pursuant to the Adam Walsh Act of 2006, 18 U.S.C. § 4248, which usually occurs within eighteen to twenty-four months of an individual's projected release date, *see* BOP PROGRAM STATEMENT 5394.01, CERTIFICATION AND CIVIL COMMITMENT OF SEXUALLY DANGEROUS PERSONS, at 6 (Feb. 1, 2016), https://www.bop.gov/policy/progstat/5394.01.pdf. The Court therefore cannot be certain that Mr. Spivey would not resume his pre-incarceration behavior were he to be granted early release. *See Fischer*, ECF No. 100 at 11–12 (denying compassionate release after concluding that defendant posed a danger to the community because, in part, he had not completed BOP's sex offender treatment program).

In support of release, Mr. Spivey cites to cases in which defendants who were convicted of child pornography charges were granted compassionate release due to health concerns. *See United States v. Pippin*, No. 16-cr-266-JCC, ECF No. 122 (W.D. Wash. May 20, 2020); *United States v. Pagliuca*, No. 17-cr-432-CS, ECF No. 63 (S.D.N.Y. May 18, 2020); *United States v.*

*Field*, No. 18-cr-426-JPO, ECF No. 38 (S.D.N.Y. May 4, 2020); *United States v. Fischman*, No. 16-cr-246-HSG-1, 2020 WL 2097615 (N.D. Cal. May 1, 2020); *United States v. Dillard*, No. 15-cr-170-SAB, ECF No. 71 (D. Idaho Apr. 27, 2020). The charges in these cases, however, were not as serious as those against Mr. Spivey; these cases involved convictions for possession, and not distribution, of child pornography, *see, e.g.*, *Pippin*, ECF No. 122 at 1–2 (granting compassionate release to defendant convicted of possession of child pornography), and where the defendant was initially charged with distribution, he eventually pled down to possession, *see Field*, ECF No. 26 (dismissing distribution charge after defendant pleaded guilty to possession charge). In contrast, as the Court has stated, Mr. Spivey pleaded guilty to distribution of child pornography and he agreed that he surreptitiously videotaped a minor in various stages of undress. Thus, these cases do not persuade that Court that Mr. Spivey deserves compassionate release given the seriousness of his crime.

Moreover, in the cases cited by Mr. Spivey, the defendants had already served more than half of their sentences before requesting that the Court grant compassionate release in light of their individual medical conditions. *See, e.g.*, *Fischman*, 2020 WL 2097615, at *2–*3 (granting compassionate release in light of specific medical conditions and the COVID-19 pandemic where defendant had been sentenced to 70 months and would only have four and a half additional months to serve if not granted early release). In contrast, Mr. Spivey has served less than one-third of his sentence. The Court considered Mr. Spivey's health condition during sentencing, and its analysis of the relevant factors under § 3553(a) remains the same. *See* ECF No. 72-2 at 62–66. Although the Court certainly has concern for Mr. Spivey's health, and for the health of all others who are incarcerated in jails and prisons throughout the country, "[t]he existence of the present pandemic, without more, is not tantamount to a 'get out of jail free'

card" for a defendant like Mr. Spivey, who has served less than a third of his sentence and whose conduct continues to render him a danger to the community. *See United States v. Williams*, No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020). Accordingly, Mr. Spivey's Emergency Motion for Compassionate Release is denied.

### III.  CONCLUSION

For the foregoing reasons, Mr. Spivey's Emergency Motion for Compassionate Release, ECF No. 66, is **DENIED**.


Date: July 1, 2020                             /s/
                                     GEORGE J. HAZEL
                                     United States District Judge